FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 OCT 19 PM 2: 26

[illegible], CLERK
CASPER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

DeANNE KAY PUCCIO,

Plaintiff,

v.

LARAMIE COUNTY,
LARAMIE COUNTY DETENTION CENTER,
MEDTRUST LLC, and
LT. PERKINS,

Defendants.

Case No. 26-CV-294-SWS

**ORDER ON INITIAL IFP SCREENING REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

This matter comes before the Court on Plaintiff DeAnne Puccio's *pro se* Complaint for Damages (ECF No. 1) and Motion to Proceed In Forma Pauperis (ECF No. 2).

Liberally construing her assertions, Plaintiff alleges she was arrested and detained at the Laramie County Detention Center in Cheyenne, Wyoming, from July 25, 2025, to July 27, 2025. She contends the Defendants were deliberately indifferent to her serious medical needs, including her Multiple Sclerosis, hand injury, and high blood pressure. She seeks monetary recovery for alleged violations of the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act, and she asserts municipal/*Monell* liability against the entity Defendants. Because Plaintiff seeks to proceed *in forma pauperis* in this action without the prepayment of court costs or fees, the litigation process generally begins with the Court screening the complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1160-61 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, is "a

good practice and more efficient" and "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits").

## STANDARD FOR SCREENING PRO SE COMPLAINTS

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement … of any suit, action or proceeding … without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." Section 1915(e)(2)(B) requires a district court to dismiss the case anytime the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." *See Merryfield v. Jordan*, 584 F.3d 923, 926 (10th Cir. 2009).

To show the existence of a claim on which relief may be granted, Federal Rule of Civil Procedure 8 requires the complaint to contain the following: "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." To satisfy Rule 8 and set forth a viable claim in federal court, the plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). This minimum of information provides notice to the opposing party of the claim(s) at issue and allows the Court to determine whether, if the allegations were proven at a trial, the claim(s) would permit legal relief.

For § 1915 screening purposes, the Court accepts a plaintiff's factual allegations as true

and construes all reasonable inferences drawn from those allegations in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Additionally, because Plaintiff proceeds without the assistance of an attorney, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

Plaintiff's complaint suffers from multiple deficiencies, primarily concerning the identification of the Defendants and her improper practice of group pleading, that render her claims incapable of providing relief. Consequently, the Court will provide Plaintiff a deadline by which she may file an amended complaint to address the deficiencies.

### Claim I: Deliberate Indifference to Serious Medical Needs

In her first claim, Plaintiff says "Defendants" were deliberately indifferent to her serious medical needs in violation of her Fourteenth Amendment due process protections. (ECF No. 1 at 7-8.) Two rather large and related pleading deficiencies plague this claim.

First—apart from violating a policy, custom, or practice for municipal/*Monell* liability, which Plaintiff does allege in her fourth and fifth claims as discussed below—a claim for deliberate indifference brought under 42 U.S.C. § 1983 must be alleged against an individual defendant, not an entity or employer. "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011); *see Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010) ("An entity cannot be held liable [under § 1983] solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor."). But Plaintiff here has not named any individuals as defendants in her complaint. Instead, she has named three entities along with Lt. Perkins "in his

official capacity only." (ECF No. 1 at 2.) Suing a government employee in their official capacity is just another way of suing their government entity employer. *See Moss v. Kopp*, 559 F.3d 1155, 1168 n.13 (10th Cir. 2009) ("The Supreme Court has determined that an official-capacity suit brought under § 1983 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent,' and as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citing and quoting *Kentucky v. Graham*, 473 U.S. 159, 161, 165-66 (1985)). Accordingly, naming Lt. Perkins in his official capacity is the same as naming his employer, the Laramie County Detention Center, which Plaintiff has already named as a Defendant. Thus, Plaintiff has essentially named Laramie County Detention Center twice, but she has not named an individual defendant. Without any individual defendants in this case, a non-municipal/*Monell* claim of Fourteenth Amendment violation, as asserted in Plaintiff's Claim I, fails to state a claim on which any relief could be granted.[1]

The second problem with Plaintiff's first claim is that she does not explain "what each defendant did to … her. *Nasious*, 492 F.3d at 1163; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("it is particularly important" in § 1983 cases involving multiple defendants "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations"). Plaintiff's group pleading on this claim (and in her complaint in general) fails to meet the fundamental requirement of Federal Rule of Civil Procedure 8—placing each defendant on reasonable notice of the claims and allegations against which they must defend.

---

[1] The complaint does not allege Lt. Perkins was directly involved in any of the alleged deliberate indifference to serious medical needs, instead only asserting he inadequately responded to her post-detention grievance. (ECF No. 1 at 2, 6.)

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies in her first claim (or to concede the futility of the claim, as the case may be).

**Claims II and III: Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act**

In her second claim, Plaintiff says her rights under Title II of the ADA were violated by Defendants Laramie County and the Laramie County Detention Center when she was provided inadequate medical care while in custody. (ECF No. 1 at 8-9.) Her third claim contends Section 504 of the Rehabilitation Act was violated by Defendants Laramie County, the Laramie County Detention Center, and MedTrust LLC (the contract medical provider for the jail) based on her allegedly inadequate medical care. (*Id.* at 9-10.) Plaintiff's complaint suffers from the same pleading deficiency as to both claims—failure to adequately plead the causation element.

The elements for each claim are similar. Title II of the ADA requires a plaintiff show (1) he is a qualified individual with a disability; (2) who was excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities; or was otherwise discriminated against; (3) "by reason of" his disability. *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1168 (10th Cir. 2021). A claim under Section 504 of the Rehabilitation Act requires a plaintiff show (1) he is a qualified individual with a disability; (2) the program discriminated against him by denying him the benefit of the program's services (3) "solely by reason of" his disability; and (4) the program received federal financial assistance. *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312–13 (10th Cir. 2021).

Even taking the current allegations as true, the complaint does not provide any factual allegations that would suggest "Defendants" deprived Plaintiff of medical care "by reason of" her disability. Instead, the complaint's allegations suggest Plaintiff needed certain medical care

because of her disabilities, but not that she was denied such medical care because of her disabilities. Plaintiff alleges "Defendants" discriminated against her

> on the basis of her disability by ignoring or misidentifying her medical alert bracelet [which indicated she had Multiple Sclerosis], dismissing her repeated notifications of her MS condition, accusing her of faking her symptoms, and denying her access to appropriate medical evaluation and treatment that would have been provided to a non-disabled detainee presenting with comparable objective medical symptoms.

(ECF No. 1 at 9.) These allegations are insufficient to adequately plead the causation requirement. Plaintiff's reasoning is difficult to follow in that she says "Defendants" discriminated against her "by reason of" her disability by ignoring or disbelieving her disability. If they ignored or did not believe she suffered from such a disability, how could they discriminate against her *because of* the disability? Ignoring or disbelieving Plaintiff's assertions of suffering MS symptoms may suggest deliberate indifference to a serious medical need, but it does not suggest discrimination "by reason of" or "solely by reason of" the disability. The Court (and presumably any defendant that might have to answer the complaint) is also unclear concerning Plaintiff's disparate treatment assertion as to how a different detainee might present with comparable symptoms and receive treatment for such symptoms while also being "non-disabled" under the ADA and Rehabilitation Act.[2]

---

[2] Some of the confusion may exist because Plaintiff seems to be conflating a deliberate-indifference claim brought under § 1983 with her disability-discrimination claims. While it's true, as Plaintiff points out, that "[d]eliberate indifference is sufficient to satisfy the intentional-discrimination requirement for compensatory damages [under the ADA and Rehabilitation Act]," *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1264 (10th Cir. 2018), a deliberate-indifference claim brought under § 1983 is separate and distinct from a disability-discrimination claim brought under the ADA and Rehabilitation Act. While each cause of action uses the phrase "deliberate indifference," they are different standards with different elements and different origins. *See Nordwall v. PHC-LAS Cruces, Inc.*, 960 F. Supp. 2d 1200, 1229 n.20 (D.N.M. 2013) ("Courts use the *City of Canton v. Harris*[, 489 U.S. 378 (1989),] deliberate indifference standard for Rehabilitation Act claims. The Supreme Court's decision in *Farmer v. Brennan*, 511 U.S. 825 … (1994), which examined deliberate indifference in the context of Eighth Amendment claims, distinguishes the *City of Canton v. Harris* deliberate indifference test.").

It may be helpful to consider the allegations from a case where the causation element of a disability-discrimination claim was adequately pled. In *Kassal v. Colorado Dep't of Corr.*, No. 1:24-CV-00369-SBP, 2025 WL 2799839 (D. Colo. Sept. 30, 2025), the plaintiff, a prisoner, alleged he was removed from a beneficial program, placed in more restrictive housing, and terminated from off-site employment after he was injured and confined to wheelchair. *Id.*, 2025 WL 2799839, at *3-4. That is, he asserted he was placed in a higher level of security and lost certain privileges directly "by reason of" his physical disability. *Id.* The plaintiff there plausibly alleged that his disability was the cause of the prison's action. In contrast, Plaintiff here has essentially alleged that the cause of the jail's failure to render adequate medical care was jail staff erroneously ignoring or disbelieving her disability-related claims and requests, which does not fairly suggest they did so because of her disability.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct the deficiencies in her second and third claims (or to concede the futility of the claims, as the case may be).

**Claims IV and V: Municipal/*Monell* Liability for Constitutional Violations**

In her fourth claim, Plaintiff seeks to hold Laramie County and the Laramie County Detention Center liable for the alleged deliberate indifference to her serious medical needs. (ECF No. 1 at 10-11.) Her fifth and final claim seeks to hold MedTrust liable for the alleged deliberate indifference. (*Id.* at 11-12.)

As noted earlier, there is no respondeat superior/vicarious liability for claims brought under 42 U.S.C. § 1983. An entity can only be held liable on a claim under § 1983 for that entity's own wrongdoing. "Congress did not intend municipalities to be held liable [on claims brought under § 1983] unless action pursuant to official municipal policy of some nature caused

a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694. To state a valid municipal/*Monell* liability claim, a plaintiff must plausibly plead: "(1) an official policy or custom (2) caused the plaintiff's constitutional injury and (3) that the municipality enacted or maintained that policy with deliberate indifference to the risk of that injury occurring." *George, on behalf of Bradshaw v. Beaver Cnty., by & through Beaver Cnty. Bd. of Commissioners*, 32 F.4th 1246, 1253 (10th Cir. 2022) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013)).

Here, Plaintiff has not sufficiently identified an official policy, custom, or practice at issue. Her assertions of such "policies, customs, and practices" are, at best, conclusory and overbroad. (*See* ECF No. 1 at 11, 12.)

> The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists. With formal or written policies, satisfying this pleading standard is easy; the plaintiff can simply allege what the policy is and where it is codified. With informal, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct—no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible—or use other evidence, such as a police officers' statements attesting to the policy's existence.

*Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1213 (D.N.M. 2015). Identifying the policy, practice, or custom at issue with some specificity is necessary to stating a plausible claim for liability because the plaintiff must show the policy, practice, or custom was followed or enforced by an employee/officer, which resulted in a constitutional injury. After all, if a

policy/practice/custom was ignored, it couldn't have caused the alleged constitutional violation. If a plaintiff cannot identify which policy, practice, or custom is at issue, it will be nearly impossible to plausibly plead (let alone prove) that it was followed or enforced.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct the deficiencies in her fourth and fifth claims (or to concede the futility of the claims, as the case may be).

## CONCLUSION AND ORDER

The Court will order Plaintiff to file a short and plain amended complaint, where she must alleged well-pled facts in a clear, concise, and organized manner to explain: (1) what each Defendant actually did, (2) when the Defendant did it, (3) how the Defendant's action caused harm to Plaintiff, (4) what specific legal right or law Plaintiff believes the Defendant's action violated, and (5) what specific relief she requests as to each claim and each Defendant. *See* Fed. R. Civ. P. 8; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("§ 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential"); *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Plaintiff should use this opportunity to amend her complaint to address the concerns and deficiencies discussed in this Order.

**IT IS THEREFORE ORDERED** that, **on or before November 18, 2026**, Plaintiff DeAnne Puccio shall file an amended complaint in this lawsuit that sets forth factual allegations sufficient to comply with this Order. Plaintiff may use the form titled "Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms-rules/forms, to

assist her if desired. The amended complaint will then be screened again to determine whether any claim should proceed to service or this lawsuit should be dismissed.

**IT IS FURTHER ORDERED** that, because the Court finds all causes of action fail to state a plausible claim on which relief can be granted, if Plaintiff DeAnne Puccio fails to timely file an amended complaint as required by this Order, then this entire lawsuit will be dismissed without prejudice and without further notice.

**ORDERED:** October 19th, 2026.

Scott W. Skavdahl
United States District Judge